UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

06-80505-CIV-PAINE/JOHNSON

BARRY ADRIAN REESE, on his own behalf
and others similarly situated,

        Plaintiff,

v.

KIMBERLY CREDIT COUNSELING, INC.,
a Florida corporation, and TIMOTHY QUINN,
individually,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss and for Sanctions for Plaintiff Barry Reese's Failure to Appear for Deposition (D.E. # 49). This matter was referred to the undersigned United States Magistrate Judge by the Honorable James L. Paine, United States District Judge for the Southern District of Florida, and is now ripe for judicial review. For the following reasons the undersigned respectfully recommends said Motion be denied.

The instant action was filed by the Plaintiff, Barry Adrian Reese ("Reese"), on behalf of himself and others similarly situated, against Plaintiff's former employer, Kimberly Credit Counseling, Inc. and Timothy Quinn (collectively "Kimberly Credit" or "Defendants") alleging overtime violations under the Fair Labor Standards Act of 1938 ("the FLSA"). While at Kimberly Credit, Reese was employed as a credit

counselor/credit advisor where, he alleges, he and the other 25-35 other credit counselor/credit advisors he worked beside, were regularly required to perform "off the clock" work, including weekend work, postliminary work, and preliminary hours worked without compensation.  Reese Affidavit, ¶¶ 6-9.

The request by Defendant that the Court impose the most severe sanction of dismissal due to a party's failure to appear for deposition borders on the frivolous. Yes, it's true that Reese failed to appear for his deposition, but from the explanation provided it is clear that such failure was not accompanied by bad faith.  According to Plaintiff's counsel, despite numerous efforts to contact Reese to confirm the scheduled deposition, it was not until the early evening prior to the day of Reese's deposition that Plaintiff contacted his counsel to advise him that he had moved out of state and would not be able to attend the deposition scheduled the following day. Immediately thereafter, Plaintiff's counsel contacted Defendants' counsel to advise of his client's inability to attend the deposition in person as scheduled, but offered to make his client available telephonically, or to reschedule the deposition in the jurisdiction as soon as possible.

In order to impose the most severe sanction of dismissal for a party's failure to appear for deposition, the court must find the party's conduct amounts to "flagrant disregard and willful disobedience." Hashemi v. Campaigner Publications, Inc., 737

F.2d 1538, 1539 (11th Cir. 1984)("Though sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do, district court retains discretion to dismiss complaint where party's conduct amounts to flagrant disregard and willful disobedience of court's discovery orders."). In the instant case Plaintiff's conduct does not even come close to approaching such "flagrant disregard" or "willful disobedience" to justify the imposition of sanctions in the form of dismissal. Nor, under the circumstances presented, where Defendants' counsel was advised prior to the deposition that Reese would not be attending, does the undersigned believe any sanctions should be imposed. Reese is, however, ordered to make himself available for deposition in this jurisdiction at a time and date convenient for all parties within ten (10) days from the date hereof. Failure to so appear may result in sanctions. In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss and for Sanctions for Plaintiff Barry Reese's Failure to Appear for Deposition (D.E. # 49) be **DENIED**. Reese is, however, ordered to make himself available for deposition in this jurisdiction at a time and date convenient for all parties within ten (10) days from the date hereof.

The parties have ten (10) days from the date of this report and Recommendation within which to serve and file written objections, if any, with the Honorable James L. Paine, United States District Judge. Failure to file objections

timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc. 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY SUBMITTED** this 29th day of December, 2006, in Chambers, at West Palm Beach, Florida.

_Linnea Johnson_
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC:   Hon. James L. Paine
      All Counsel of Record